IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RANDY RABASTO | § § | |
| VS. | § § | |
| STOLT-NIELSON PHILIPPINES, INC. LILY SHIP HOLDING S.A.; STOLT-NIELSEN USA INC. STOLT NIELSON LIMITED; STOLT NIELSON INTER CARRIBEAN SERVICE; STOLT TANKERS; STOLT TANKERS SHIP MANAGEMENT AMERICAS; STOLT TANKERS' SHIP OWNING; STOLT-NIELSEN TRANSPORTATION GROUP, INC.; GULF STOLT SHIPMANAGEMENT JLT, *In Personam* and M/T STOLT FLAMENCO, *In Rem* | § § § § § § § § § § § § § § § § § | C.A. NO. 1:15-CV-00044 |

## **DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Stolt-Nielsen USA Inc. ("Defendant") and, pursuant to 28 U.S.C. § 1446(a) and 9 U.S.C. § 205, hereby gives notice of removal of this case from the 444th District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, because:

a. The subject matter of this lawsuit is governed by an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). 9 U.S.C. §§ 202 and 205.

b. This Court has federal question jurisdiction over this action pursuant to the Convention. 9 U.S.C. § 203; 28 U.S.C. § 1331.

c. While Defendant denies that Plaintiff's joinder of Jones Act claims is proper and denies that U.S. law is applicable herein, Jones Act and general maritime law allegations do not preclude enforcement of the Convention. *Francisco v. STOLT*

22225♦5PCJC3102

*ACHIEVEMENT MT*, 293 F.3d 270, 271-75 (5th Cir. 2002); *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 337-42 (5th Cir. 2004).

Defendant respectfully submits the following in support of its removal:

### I.   INTRODUCTION

1. Plaintiff, Randy Rabasto, is a citizen and resident of the Philippines.[1]

2. This case arises out of personal injuries Plaintiff sustained during the course and scope of Plaintiff's employment onboard the foreign-flagged[2] chemical tanker *Stolt Flamenco* offshore Altamira, Mexico on or about February 4, 2013.[3]

3. Plaintiff's employment on the *M/T Stolt Flamenco* was pursuant to the terms of a contract approved by the Philippine Overseas Employment Administration ("POEA") which contained an arbitration clause requiring arbitration in the Philippines of any claims arising out of his employment onboard the vessel.[4]  The arbitration clause governs Plaintiff's personal injury claims as well as Plaintiff's settlement of those claims in the Philippines.[5]

4. On February 2, 2015, Plaintiff filed suit in the 444th Judicial District Court of Cameron County, Texas, asserting claims against Stolt-Nielsen USA Inc., ten (10) other companies[6] and the *M/T Stolt Flamenco*, *in rem*, for the injuries he claims to have sustained while onboard the

---

[1]   See Plaintiff's Original Petition, p. 2, ¶ 4-1, available at Exhibit H.
[2]   See Exhibit C, Rabasto's POEA Contract of Employment, identifying the flag state as the Cayman Islands.
[3]   See generally Plaintiff's Original Petition, available at Exhibit H.
[4]   See Exhibit B, Rabasto Affidavit at ¶ 1; Exhibit C, Rabasto's POEA Contract of Employment; and, Exhibit D, Standard Terms and Conditions Governing the Employment of Filipino Seafarers at Section 29, p. 3.  Further, Defendant hereby requests that the Court take judicial notice of Memorandum Circular No. 10 (Series 2010), referenced in the POEA Contract, which incorporates the Standard Terms and Conditions as the standards for POEA contracts.  Memorandum Circular No. 10 is available at the Philippines' Department of Labor and Employment website (http://www.poea.gov.ph/mcs/mc%202010/mc-10-2010.pdf).
[5]   See *id*.
[6]   One of the other companies named as a defendant was "Stolt-Nielsen Transportation Group Inc."  However, as evidenced by the sworn declaration of Daniel Carr, Assistant General Counsel of Stolt-Nielsen USA Inc., this was a misnomer of Stolt-Nielsen USA Inc.  (See the declaration of Dan Carr, attached hereto as Exhibit E and incorporated herein by reference for all purposes.)  Stolt-Nielsen Transportation Group Inc. was the name of a predecessor-in-interest of Stolt-Nielsen USA Inc. and is now known as Stolt-Nielsen USA Inc.  *Id.*

*M/T Stolt Flamenco*.  The case was assigned Cause No. 2015-DCL-0695 in the 444th Judicial District Court of Cameron County, Texas.[7]

5.      Plaintiff served Campbell & Riggs, P.C. as registered agent for service of process in Texas for Stolt-Nielsen USA Inc. on February 12, 2015.[8]  Defendant's notice of removal is timely filed within the 30-day time period required by 28 U.S.C. § 1446.

6.      Plaintiff also attempted to serve the following with service of process through Campbell & Riggs:

    a.   Stolt-Nielsen Limited (misnomered as Stolt-Nielson Limited);

    b.   Stolt Tankers B.V. (named as Stolt Tankers B.V. and also misnomered as Stolt Tankers); and,

    c.   Stolt-Nielsen Transportation Group, Inc. (which, as indicated above at footnote 6 was the name of a predecessor company of Stolt-Nielsen USA Inc.).[9]

However, as evidenced by the sworn declaration of attorney Michael Winkler, Campbell & Riggs is not the registered agent for service of process in Texas for any party named as a defendant herein other than Stolt-Nielsen USA Inc.[10]

7.      Based on the best information available to Stolt-Nielsen USA, Inc., no other defendant named herein has been properly served with process.

## II.   BASES FOR REMOVAL

8.      Removal of this action is proper because:

    a.   The subject matter of this lawsuit is governed by an arbitration agreement falling under the Convention.  9 U.S.C. § 205.

    b.   This Court has federal question jurisdiction over this action pursuant to the Convention.  9 U.S.C. § 203; 28 U.S.C. § 1331.

---

[7]   See Plaintiff's Original Petition, available at Exhibit H.
[8]   Exhibit G at p. 1, Service of Process on Stolt-Nielsen USA Inc.
[9]   Exhibit G at p. 2-5.
[10]  The declaration of Michael Winkler of Campbell & Riggs is attached hereto as Exhibit F and incorporated herein by reference for all purposes.

  c. While Defendant denies that Plaintiff's joinder of Jones Act claims are proper and further denies that U.S. law is applicable herein, Jones Act and general maritime law allegations do not preclude enforcement of the Convention. See *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 271-75 (5th Cir. 2002); *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 337-42 (5th Cir. 2004).

9. Venue is proper in this district for removal purposes because this district and division embrace the place in which the removed action has been pending. 28 U.S.C. § 1441(a); 9 U.S.C. § 205.

10. Pursuant to Southern District of Texas Local Rule 81, Defendant is also filing the following documents with the Court:

- an index of matters being filed with this notice is attached as Exhibit A;

- a copy of all process is attached as Exhibit G;[11]

- all pleadings asserting causes of action and all answers in the state court action with Cause No. 2015-DCL-0695 are attached as Exhibit H;

- a copy of the docket in the state court action with Cause No. 2015-DCL-0695 is attached to this notice as Exhibit I; and,

- a list of all counsel of record, including addresses, telephone numbers, and parties represented in the state court case is attached as Exhibit J.

11. Defendant does not file any orders signed by the state judge (pursuant to Local Rule 81.3) because the judge has not yet signed any orders.

12. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is then pending.

13. Plaintiff did demand a trial by jury in the state court action.

---

[11] Defendant would again note that only the service on Stolt-Nielsen USA Inc.'s registered agent was valid. Still, in compliance with Local Rule 81.1, Defendant has also included the procedurally deficient process purportedly executed on Stolt-Nielsen Limited (misnomered as Stolt-Nielson Limited), Stolt Tankers B.V. (named as Stolt Tankers B.V. and also misnomered as Stolt Tankers); and Stolt-Nielsen Transportation Group, Inc. (which, as previously indicated, was the name of a predecessor company of Stolt-Nielsen USA Inc.).

Respectfully submitted,

*/s/ Robert L. Klawetter*

Robert L. Klawetter
State Bar No. 11554700
Federal I.D. No. 2471
klawetter@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
Federal I.D. No. 25142
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*Attorneys for Defendant*
*Stolt-Nielsen USA Inc.*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

### CERTIFICATE OF SERVICE

I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendant herein, and that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **9th day** of **March, 2015**.

***Via Certified Mail Return Receipt Requested***
Mr. Richard E. Zayas
ZAYAS & HERNANDEZ, P.C.
950 E. Van Buren St.
Brownsville, Texas 76520

***Via Certified Mail Return Receipt Requested***
Mr. Richard Valdez
Law Office of Richard Valdez
316 W. Tyler Ave.
Harlingen, Texas 78550

*/s/ Robert L. Klawetter*
Robert L. Klawetter