# EXHIBIT H

FILED
2015-DCL-00695
2/2/2015 2:30:11 PM
Eric Garza
Cameron County District Clerk
By Nora Gonzalez Deputy Clerk
3985891

CAUSE NO. _____  2015-DCL-00695

| | | |
|---|---|---|
| RANDY RABASTO | § | IN THE _____ JUDICIAL |
| Plaintiff, | § | Cameron County - 444th District Court |
| | § | |
| V. | § | |
| | § | |
| STOLT-NIELSON PHILIPPINES, INC.; STOLT TANKERS B.V.; LILY SHIP HOLDING S.A.; STOLT-NIELSON USA INC.; STOLT-NIELSON LIMITED; STOLT-NIELSON INTER CARRIBEAN SERVICE; STOLT TANKERS; STOLT TANKERS SHIP MANAGEMENT AMERICAS; STOLT TANKERS' SHIP OWNING; STOLT-NIELSEN TRANSPORTATION GROUP, INC.; GULF STOLT SHIPMANAGEMENT JLT, *In Personam* and M/T STOLT FLAMENCO, *In Rem* Defendants. | § | DISTRICT COURT OF |
| | § | |
| | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RANDY RABASTO, hereinafter called Plaintiff, complaining of and about STOLT-NIELSON PHILIPPINES, INC.; STOLT TANKERS B.V.; LILY SHIP HOLDING S.A.; STOLT-NIELSON USA INC.; STOLT-NIELSON LIMITED; STOLT TANKERS; STOLT-NIELSON INTER CARRIBEAN SERVICE; STOLT TANKERS' SHIP OWNING; STOLT TANKERS SHIP MANAGEMENT AMERICAS; STOLT-NIELSEN TRANSPORTATION GROUP, INC.; GULF STOLT SHIPMANAGEMENT JLT, *In*

*Personam* and M/T STOLT FLAMENCO, *In Rem*, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1-1. Plaintiff intend that discovery be conducted under Discovery Level 3.

### JURISDICTION

2-1. This Court has jurisdiction under the Savings to Suitors clause. 28 U.S.C. § 1333. Further, it is well settled that this Jones Act case is not removable. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

### VENUE

3-1. Venue is proper in Cameron County pursuant Texas Civil Practices and Remedies Code Section 15.0181 because Cameron County is where all or a substantial part of the events or omissions giving rise to the claim occurred.

### PARTIES AND SERVICE

4-1. Plaintiff, RANDY RABASTO is a seaman and is a citizen and resident of the Philippines.

4-2. Defendant STOLT-NIELSON PHILIPPINES, INC. is a foreign corporation duly organized in the Philippines. Defendant STOLT-NIELSON PHILIPPINES, INC. was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-3. Defendant STOLT TANKERS B.V., is a foreign corporation duly organized in the Netherlands. Defendant STOLT TANKERS B.V. was and now is a foreign

PLAINTIFF'S ORIGINAL PETITION

PAGE 2

corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-4. Defendant LILY SHIP HOLDING S.A., is a foreign corporation duly organized in Panama. Defendant LILY SHIP HOLDING S.A. was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-5. Defendant STOLT-NIELSEN USA INC., is a foreign corporation duly organized in the State of Delaware. Defendant STOLT-NIELSEN USA INC. was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-6. Defendant STOLT-NIELSON LIMITED, is a foreign corporation duly organized in the Netherlands. Defendant STOLT-NIELSON LIMITED was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-7. Defendant STOLT-NIELSON INTER CARRIBEAN SERVICE is a foreign corporation. Defendant STOLT-NIELSON INTER CARRIBEAN SERVICE was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-8. Defendant STOLT TANKERS is a foreign corporation. Defendant STOLT TANKERS was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common

carrier of goods.

4-9. Defendant STOLT TANKERS' SHIP OWNING is a foreign corporation. Defendant STOLT TANKERS' SHIP OWNING was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-10. Defendant STOLT TANKERS SHIP MANAGEMENT AMERICAS is a foreign corporation. Defendant STOLT TANKERS SHIP MANAGEMENT AMERICAS was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-11. Defendant STOLT-NIELSEN TRANSPORTATION GROUP, INC. is a foreign corporation. Defendant STOLT-NIELSEN TRANSPORTATION GROUP, INC. was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-12. Defendant GULF STOLT SHIMANAGEMENT JLT is a foreign corporation. Defendant GULF STOLT SHIMANAGEMENT JLT was and now is a foreign corporation or similar entity, with power to sue and be sued which regularly does business in Texas and/or the United States as a common carrier of goods.

4-13. Defendant M/T STOLT FLAMENCO was at all material times a chemical/products tanker sailing under the Cayman Islands flag. The vessel was built in 2010 and its gross tonnage is 12,254 metric tons. Its IMO number is 9391995. M/T

STOLT FLAMENCO regularly docs in seaports along the Texas coast and delivers chemical products to and fro the Republic of Mexico.

## NATURE OF THE ACTION

5-1. The incidents herein sued upon occurred upon navigable waters of the Gulf of Mexico. At all times material hereto, Defendants owned, operated and/or controlled the vessel M/T STOLT FLAMENCO, on which Plaintiff's injuries occurred, and employed the crew thereof, including Plaintiff. On or about February 2, 2013, Plaintiff was employed as a member of the crew aboard the vessel STOLT FLAMENCO. The STOLT FLAMENCO at the time is believed to be owned, operated and controlled by the following Defendants:

STOLT-NIELSON PHILIPPINES, INC.
STOLT TANKERS B.V.
LILY SHIP HOLDING S.A.
STOLT-NIELSEN USA INC.
STOLT-NIELSON LIMITED
STOLT TANKERS
STOLT-NIELSON INTER CARRIBEAN SERVICE
STOLT TANKERS' SHIP OWNING
STOLT TANKERS SHIP MANAGEMENT AMERICAS
STOLT-NIELSEN TRANSPORTATION GROUP, INC.
GULF STOLT SHIPMANAGEMENT JLT

Plaintiff was seriously injured in the course and scope of his employment in the incidents made the basis of this action. On the occasion in question, Plaintiff was engaged in his duties as a seaman aboard the vessel, and sustained severe, painful permanently disabling injuries to his back, spine, legs and body in general. As of the result of the accident, Plaintiff remained a paraplegic from the injuries sustained from the accident complained of herein. Such incidents and said injuries occurred as a

PLAINTIFF'S ORIGINAL PETITION                                                              PAGE 5

proximate result of the unsafe unseaworthy condition of the said vessel and its appurtenances or equipment, and, in whole or in part, as a proximate result of negligence on the part of the Defendants, its other servants or employees, acting in the course and scope of their respective employment.

## FACTS

6-1. On or about February 2, 2014, the STOLT FLAMENCO left the sea port of Port Lavaca, Texas and/or Port Arthur, Texas. During the months before said date and since the date of the incident to the date of filing this petition, Defendants have continued to do business in Texas using the STOLT FLAMENCO among a vast array of ship tankers transporting chemical products from Texas to the Republic of Mexico and returning with products from Mexico back to various ports along the Texas Gulf of Mexico. During its trip, a boom, hoist and/or crane assembly on the STOLT FLAMENCO broke and fell on the Plaintiff causing the injuries complained of herein. After the accident, Defendants called the Coast Guard in Port Isabel, Cameron County, Texas for assistance for medical help. Plaintiff was transported via helicopter from the STOLT FLAMENCO to Brownsville, Cameron County, Texas where he received continuous treatment for months following the incident.

When the STOLT FLAMENCO left its last port and continuously to the point of the accident that forms the basis of this suit, Defendants were negligent and grossly negligent for the following reasons:

- Failure to keep the STOLT FLAMENCO in a safe and seaworthy condition;
- Failure to keep the STOLT FLAMENCO and its appurtenances or equipment

safe and in a seaworthy condition;

- Failure to train its employees on the maintenance of its appurtenances and/or equipment;

- Failure to train its employees on the operation of its appurtenances and/or equipment to operate in a safe and seaworthy manner;

- Failure to inspect the STOLT FLAMENCO to insure that the vessel in general, including its appurtenances and/or equipment were in a good condition; were safe and seaworthy condition; and

- Other acts deemed negligent and grossly negligent.

## CAUSE OF ACTION

7-1. The incidents herein sued upon occurred upon navigable waters of the Gulf of Mexico and therefore Plaintiff brings this cause of action pursuant to the Jones Act, Title 46 U.S.C. Sections 30104, et. seq. and invokes the Savings to Suitors clause. 28 U.S.C. § 1333. The substantive law governing this action is the general maritime law of the United States.

## DAMAGES

8-1. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, RANDY RABASTO was caused to suffer permanent damages to his back, spine, legs and other parts of his body and to incur the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, RANDY RABASTO for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in

Cameron County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Disfigurement in the past;

J. Disfigurement in the future;

K. Property damages;

L. Mental anguish in the past;

M. Mental anguish in the future;

N. Fear of future disease or condition;

O. Cost of medical monitoring and prevention in the future;

P. Loss of consortium in the past;

Q. Loss of consortium in the future;

R. Loss of services in the past; and

S. Loss of services in the future.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional

limits of this Honorable Court, for which he now sues.

## PUNITIVE DAMAGES

9-1. Plaintiff is also entitled to punitive damages because the aforementioned acts of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk.

9-2. Moreover, Defendants have willfully refused to pay Plaintiff maintenance and cure owed to Plaintiff. Therefore, Plaintiff is entitled to recover a sum within the jurisdictional limits of this Court in maintenance and cure benefits as a second cause of action.

## JURY TRIAL

10-1. Plaintiff hereby requests a trial by jury on all claims.

## REQUEST FOR DISCLOSURE

11-1. Pursuant to Texas Rule of Civil Procedure 194, all Defendants are requested to disclose all information as provided by Rue 194.2 within fifty (50) days of being served with a copy of this request and this Original Petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, RANDY RABASTO, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the economic, actual and punitive damages as requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, plus maintenance and cure, together with prejudgment and postjudgment interest at the maximum rate allowed by law, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

ZAYAS & HERNANDEZ, P.C.
950 E. Van Buren St.
Brownsville, Texas 78520
Tel. (956) 546-5060
Fax. (956) 541-4157
Email: lawfirm3100@yahoo.com

By: /s/ Richard E. Zayas
RICHARD E. ZAYAS
State Bar No. 00788744

Attorney for Plaintiff RANDY RABASTO

Law Office of Richard Valdez
316 W. Tyler Ave.
Harlingen, Texas 78550
Tel: (956) 425-5775

By: /s/ Richard Valdez
Richard Valdez
State Bar No. 00789694

**PLAINTIFF HEREBY DEMAND TRIAL BY JURY**